IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

        Plaintiff,

v.                                                                                    Civil Action

JOHN ATAMIAN, et al.,                                          No. 08-2586-JWL/GLR

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Require Defendants Sherry Boeding and New Image Investments, LLC to Comply With a Discovery Order (doc. 45). Pursuant to Fed. R. Civ. P. 37, Plaintiff asks the Court to compel these Defendants to fully comply with prior discovery orders and to produce all documents responsive to its First Request for Production of Documents Nos. 5, 7, 8, 9, 12, 13, and 14. On May 20, 2009, the Court sustained in part and overruled in part Plaintiff's Motion to Compel Production of Documents from Defendants.[1] The Court ordered Defendants Sherry Boeding and New Image Investments, LLC to produce by June 18, 2008, all documents responsive to Plaintiff's Request Nos. 1 through 3 and 8 through 15, except for income tax returns for the year 2004. It further ordered these Defendants to produce by July 3, 2009, any documents responsive to Plaintiff's Request Nos. 4 through 7 that counsel for Plaintiff had identified by correspondence to Defendants that it cannot obtain from its counsel of record for related, pending probate litigation in California.

By its present motion Plaintiff contends that Defendants have not fully complied with the

---

[1] *See* doc. 36.

1

order and have not produced documents responsive to the identified Requests. It asks the Court to issue an order to require compliance, to hold Defendants in contempt, and to impose sanctions. No Defendant has responded to the motion. The response time has expired under D. Kan. Rule 6.1(e). The Court will, therefore, grant the motion to compel as uncontested under D. Kan. Rule 7.4.[2]

Plaintiff also requests sanctions in its motion, based upon failures by Defendants to produce the discovery previously ordered. Under Fed. R. Civ. P. 37(a)(5)(A), when a motion to compel is granted, "the court *must,* after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court must not order payment, however, if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, if the opposing party's response or objection was substantially justified, or if "other circumstances make an award of expenses unjust."[3] The Court will order Plaintiff to file a memorandum of its requested expenses indicating the dollar amount of reasonable expenses it claims, along with affidavits and other detailed documentary support for the requested amount incurred in making this motion to compel. Defendants shall be provided an opportunity to file a response to Plaintiff's memorandum of its requested expenses.

Plaintiff also requests that the Court hold Defendants in contempt. The Court notes that all Defendants are proceeding *pro se* in this matter. Given their *pro se* status and in the absence of any showing that Defendants willfully disobeyed the Court's order, the Court overrules the request for

---

[2] D. Kan. Rule 7.4 provides that "[i]f a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

[3] Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

contempt against Defendants at this time.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Require Defendants Sherry Boeding and New Image Investments, LLC to Comply With a Discovery Order (doc. 45) is granted in part and denied in part, as set forth herein.  **Within twenty (20) days of the date of this Order**, Defendants Sherry Boeding and New Image Investments, LLC shall produce documents responsive to Plaintiff's Request for Production of Documents Nos. 5, 7, 8, 9, 12, 13, and 14.  Said production shall take place at the offices of Plaintiff's counsel or at any other location agreed upon by the parties.

IT IS FURTHER ORDERED THAT **within twenty (20) days of the date of this Order**, Plaintiff shall file a memorandum of requested expenses indicating the dollar amount of reasonable expenses it claims, along with affidavits and other detailed documentary support for the requested amount incurred in making this motion to compel.  Defendants shall have **twenty (20) days thereafter** to file any response to Plaintiff's request for reasonable expenses.

Dated in Kansas City, Kansas on this 7th day of October, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge