IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

        Plaintiff,

v.                                                     Civil Action

JOHN ATAMIAN, et al.,                       No. 08-2586-JWL/GLR

        Defendants.

## **MEMORANDUM AND ORDER**

      This matter is before the Court, incidental to its Memorandum and Order of October 7, 2009 (doc. 50). On May 20, 2009, the Court sustained in part and overruled in part Plaintiff's Motion to Compel Production of Documents from Defendants. The Court ordered defendants Sherry Boeding and New Image Investments, LLC to produce by June 18, 2008, all documents responsive to Plaintiff's Request Nos. 1 through 3 and 8 through 15, except for income tax returns for the year 2004. It further ordered these Defendants to produce by July 3, 2009, any documents responsive to Plaintiff's Request Nos. 4 through 7 that counsel for Plaintiff had identified by correspondence to Defendants that it cannot obtain from its counsel of record for related, pending probate litigation in California.

      On August 28, 2009, Plaintiff filed its Motion to Require Defendants Sherry Boeding and New Image Investments, LLC to Comply With a Discovery Order. It sought an order requiring these Defendants to fully comply with the prior discovery orders and to produce all documents responsive to its First Request for Production of Documents Nos. 5, 7-9, and 12-14. Plaintiff asserted by its motion that Defendants still had not fully complied with the orders to produce documents responsive to the identified discovery requests. It asked the Court to order compliance, to find Defendants in contempt, and to impose sanctions against them.

On October 7, 2009, the Court granted Plaintiff's motion and ordered Defendants Sherry Boeding and New Image Investments, LLC to respond to Plaintiff's Request for Production of Documents Nos. 5, 7- 9, and 12-14 by October 27, 2009. The Court also ordered Plaintiff to file a memorandum of its requested expenses to indicate the dollar amount of reasonable expenses it claims, along with affidavits and other detailed documentary support for the requested amount incurred in making its motion. Defendants were granted 20 days thereafter to file any response to Plaintiff's request for reasonable expenses.

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party who seeks discovery to move for an order to compel an answer, designation, production, or inspection, if a party fails to provide discovery or to permit inspection as requested under Rule 34.[1] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[2] In addition, a party filing a motion to compel may be entitled to its reasonable expenses incurred in making the motion.[3] Under Fed. R. Civ. P. 37(a)(5)(A), if the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion. The court, however, must not order payment if: (1) the movant filed the motion before attempting in good faith to obtain the relief requested without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of

---

[1] Fed. R. Civ. P. 37(3)(B)(iv).

[2] Fed. R. Civ. P. 37(a)(4).

[3] *See* Fed. R. Civ. P. 37(a)(5).

2

expenses unjust.[4]

Plaintiff states in its Memorandum of Requested Expenses that it incurred expenses in the amount of $640 in making the motion, and attaches the Attorney's Fees Affidavit of its attorney C. Eric Pfanstiel in support. According to the affidavit, Mr. Pfanstiel spent four hours preparing and filing the motion, and his normal hourly rate is $160/hour. No defendant has filed a response to the Memorandum of Requested Expenses. The time for filing a response has expired.

The Court finds Defendants have failed to fully comply with the its prior discovery orders and to produce all documents responsive to Plaintiff's First Request for Production of Documents Nos. 5, 7-9, and 12-14. The Court further finds that such failure necessitated the motion by Plaintiff. The Court further finds that the failure by Defendants to produce the responsive discovery was not substantially justified, nor does the Court find any other circumstances that would make an award of expenses unjust.

In addition, the Court has reviewed Mr. Pfanstiel's Attorney's Fees Affidavit in light of the various factors set forth in Rule 1.5(a) of the Model Rules of Professional Conduct, as adopted by the Kansas Supreme Court, which are to be used in determining the reasonableness of a lawyer's fee. Taking into consideration those factors, the Court finds the total sum of $640 to be reasonable and appropriate under the circumstances. Accordingly, the Court awards Plaintiff the sum of $640 pursuant to Fed. R. Civ. P. 37(a)(5)(A). Defendants Sherry Boeding and New Image Investments, LLC shall pay the sum of $640 to Plaintiff and its attorneys within thirty (30) days of the date of this Order.

IT IS THEREFORE ORDERED THAT Plaintiff is hereby awarded its reasonable expenses

---

[4]Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

incurred in making its Motion to Require Defendants Sherry Boeding and New Image Investments, LLC to Comply With a Discovery Order.  **Within thirty (30) days of the date of this Order**, Defendants Sherry Boeding and New Image Investments, LLC shall pay to Plaintiff and its attorneys the sum of $640 as reasonable expenses incurred in making the Motion to Require Defendants Sherry Boeding and New Image Investments, LLC to Comply With a Discovery Order, and shall file with the Court a receipt or affidavit to show that such payment has been made.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on December 22, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge