IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

        Plaintiff,

v.                                                              Civil Action

JOHN ATAMIAN, et al.,                        No. 08-2586-JWL/GLR

        Defendants.

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt of Court (doc. 54). It asks that the Court enter an order pursuant to Federal Rule of Civil Procedure 37 directing Defendants Sherry Boeding and New Image Investments, LLC to appear and show cause why they should not be held in contempt for their failure to comply with this Court's prior discovery orders. No defendant has filed a response to the motion and the time period for filing a response has expired.

On May 20, 2009, the Court sustained in part and overruled in part Plaintiff's Motion to Compel Production of Documents from Defendants. The Court ordered defendants Sherry Boeding and New Image Investments, LLC to produce by June 18, 2008, all documents responsive to Plaintiff's Request Nos. 1 through 3 and 8 through 15, except for income tax returns for the year 2004. It further ordered these Defendants to produce by July 3, 2009, any documents responsive to Plaintiff's Request Nos. 4 through 7 that counsel for Plaintiff had identified by correspondence to Defendants that it cannot obtain from its counsel of record for related, pending probate litigation in California.

On August 28, 2009, Plaintiff filed a motion for an order requiring these Defendants to fully comply with the Court's prior discovery orders and to produce all documents responsive to its First

Request for Production of Documents Nos. 5, 7-9, and 12-14. Plaintiff claimed in its motion that Defendants still had not fully complied with the order and to produce documents responsive to the identified discovery requests. It asked the Court to order compliance, finding Defendants in contempt, and imposing sanctions. On October 7, 2009, the Court granted Plaintiff's motion and ordered Defendants Sherry Boeding and New Image Investments, LLC to respond to Plaintiff's Request for Production of Documents Nos. 5, 7- 9, and 12-14 by October 27, 2009.

According to the present motion, counsel for Plaintiff discussed the outstanding discovery with Defendant Sherry Boeding on October 28, 2009. Defendant Boeding represented that she would produce the requested documents the following week of November 2, 2009, but failed to produce the requested documents. This motion followed.

Plaintiff asks that the Court enter an order, pursuant to Federal Rule of Civil Procedure 37, to direct Defendants Sherry Boeding and New Image Investments, LLC to appear and show cause why they should not be held in contempt for their failure to comply with the prior discovery orders. It alternatively requests that the Court find Defendants in contempt and impose appropriate sanctions upon them.

Under Fed. R. Civ. P. 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." One sanction that may be imposed for failure to comply with an order is to render a default judgment against the disobedient party.[1] The court may also treat the failure to obey an order as contempt of court, except upon an order to submit to a physical or mental examination.[2]

---

[1] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[2] Fed. R. Civ. P. 37(b)(2)(A)(vii).

In light of the pro se status of Defendants, the Court finds that they should be afforded another opportunity to show cause why they should not be held in contempt for their failure to comply with the discovery orders of May 20, 2009 and October 7, 2009.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt of Court (doc. 54) is sustained. Defendants Sherry Boeding and New Image Investments, LLC are hereby ordered to show cause in writing **by January 22, 2010**, why they should not be held in contempt for their failure to comply with the Court's discovery orders of May 20, 2009 and October 7, 2009 (docs. 36 and 50).

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on December 22, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge