IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-2586-JWL |
| JOHN ATAMIAN; SHERRY BOEDING; and NEW IMAGE INVESTMENTS, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

The matter is presently before the Court on pro se defendant Sherry Boeding's

motion for summary judgment (Doc. # 62). For the reasons set forth below, the Court

**denies** the motion.

Plaintiff is a California surety company that issued bonds on behalf of defendant

John Atamian, who had been appointed administrator of a California probate estate. By

its verified complaint, plaintiff alleges that Mr. Atamian and Ms. Boeding transferred

money belonging to the estate to their own account and then to an account of defendant

New Image Investments, LLC ("New Image"), which then used those funds to purchase

real property in Shawnee County, Kansas. In this action, plaintiff seeks an order that the

property and any sale proceeds are subject to a constructive trust for the benefit of the

estate's beneficiaries—thereby benefitting plaintiff, who has received claims made

against its bonds accusing Mr. Atamian and Ms. Boeding of misappropriation of estate assets.[1]  Mr. Atamian has not appeared in the action.  Ms. Boeding and New Image are not presently represented by counsel in the action.  Ms. Boeding now seeks summary judgment.

The Court denies Ms. Boeding's motion.  First, Ms. Boeding does not purport to represent New Image, and the summary judgment motion indicates that it was filed only on her own behalf.  Nonetheless, Ms. Boeding appears to argue for summary judgment in favor of defendants generally.  Ms. Boeding cannot seek relief on behalf of New Image, however, and may only argue for her own dismissal from the suit.  *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (a business entity may appear only through an attorney and may not appear by a non-lawyer pro se).

Second, defendants have failed to provide discovery to plaintiff in violation of the court's orders.  Because that discovery relates in part to Ms. Boeding's defense, summary judgment would not be appropriate before resolution of plaintiff's discovery issues and motion for sanctions.

Third, Ms. Boeding's motion fails on the merits.[2]  In her brief, Ms. Boeding states

---

[1]The California probate court has found Mr. Atamian and Ms. Boeding liable for fraud with respect to the misappropriation of estate assets.

[2]Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the
(continued...)

2

that her daughter and her son-in-law created New Image to sell refinished houses; that

she loaned New Image $120,000, with which New Image purchased the subject property;

that New Image subsequently decided to quitclaim the property to Ms. Boeding as

security for the loan; and that New Image eventually paid off the loan, at which time Ms.

Boeding quitclaimed the property back to New Image. Thus, Ms. Boeding argues that

defendants have not been unjustly enriched and that New Image took the property as a

bona fide purchaser for value. *See Estate of Draper v. Bank of Am., N.A.*, 288 Kan. 510,

518-19, 205 P.3d 698, 706 (2009) (constructive trust is appropriate where "a person

holding title to property is subject to an equitable duty to convey it to another on the

ground that he would be unjustly enriched if he were permitted to retain it;" a third-party

transferee holds the property subject to that interest unless it is a bona fide purchaser for

value) (quoting Restatement of Restitution §§ 160, 168 (1936)).

Ms. Boeding has not provided evidence to support her version of events, however.

Although she submitted a number of records with her motion (many of which were not

legible), she did not provide any affidavits or other sworn testimony.[3] Thus, Ms.

Boeding has not provided any evidence that her transfer of funds to New Image

constituted a loan, that the property was quitclaimed to her as security for that loan, that

[2](...continued)
nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th
Cir. 2006).

[3]Although Ms. Boeding electronically signed her pro se motion and brief, she did
not sign her brief under oath or penalty of perjury.

the property was transferred back to New Image after repayment of the loan, or that Ms. Boeding was never a member or involved in the operation of New Image. Moreover, Ms. Boeding does not dispute plaintiff's evidence that her funds were used to purchase the property and that she subsequently owned the property for a period of time. Therefore, even if Ms. Boeding had supported her motion with an affidavit containing the statements made in her brief, the Court would nonetheless find that issues of fact remain concerning whether New Image took the property for value and whether New Image was unaware of the circumstances giving rise to plaintiff's suit. *See* Restatement of Restitution § 172 (bona fide purchaser is one who gives value for property without notice of the circumstances giving rise to the constructive trust). For these reasons, Ms. Boeding is not entitled to summary judgment.

The Court also rejects Ms. Boeding's argument pursuant to Fed. R. Civ. P. 12(b)(6) that plaintiff has failed to state a claim for a constructive trust. Plaintiff has adequately pleaded facts supporting such a trust here under Kansas law, and plaintiff need not prove fraud as a part of its claim. *See Estate of Draper*, 288 Kan. at 518, 205 P.3d at 698. There is no requirement that plaintiff plead that it has obtained an order from the California court regarding the property at issue.

The Court further rejects Ms. Boeding's contention that this Court lacks subject matter jurisdiction. Ms. Boeding argues that under the probate exception to federal jurisdiction, the California probate case deprives this Court of jurisdiction over plaintiff's claim. The Supreme Court has limited that exception as follows:

> Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). In the present case, the Court has not been asked to probate the decedent's will, administer his estate, or dispose of property in the custody of the California court. Accordingly, the probate exception does not apply here, and this Court may exercise subject matter jurisdiction over plaintiff's claims. Nor has Ms. Boeding shown that this case is duplicative of the probate case such that the Court should abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), or that these issues have been decided in the California case such that res judicata might apply.

Finally, the Court rejects Ms. Boeding's request for sanctions under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. Ms. Boeding has not shown that plaintiff or its counsel have brought this action in furtherance of an improper purpose or multiplied proceedings unreasonably and vexatiously. Accordingly, there is no basis for sanctions here.

For these reasons, the Court denies Ms. Boeding's motion in its entirety.


IT IS THEREFORE ORDERED BY THE COURT THAT defendant Sherry Boeding's motion for summary judgment (Doc. # 62) is **denied**.

IT IS SO ORDERED.

Dated this 5th day of May, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
