IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

        Plaintiff,

v.                                                                                  Civil Action

JOHN ATAMIAN,                                               No. 08-2586-JWL/GLR
SHERRY BOEDING, and
NEW IMAGE INVESTMENTS, LLC,

        Defendants.

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file specific written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

This matter comes before the Court upon Plaintiff's Motion for Default Judgment and Sanctions Against the Defendants (doc. 74). Plaintiff requests an order, pursuant to Fed. R. Civ. P. 37, for sanctions, including default judgment, against defendants Sherry Boeding and New Image Investments, LLC. It contends they have failed to cooperate in discovery and disclose their financial information and documents related to probate estate funds and to comply with the prior orders of

the Court for discovery and sanctions. By Minute Order dated April 15, 2010, District Judge John W. Lungstrum referred the motion to the undersigned for report and recommendation. No party has opposed the motion. As set forth below, the Magistrate Judge recommends that the motion be granted.

**I.  Factual Background**

Plaintiff is a California surety company. It issued bonds on behalf of defendant John Atamian as the appointed administrator of an estate in probate proceedings before the state court of California. Plaintiff brought this action on November 21, 2008, against defendants John Atamian; Sherry Boeding; New Image Investments, LLC; Prudential Real Estate Affiliates, Inc.; and Debbie Davie d/b/a Prudential First, Relators. Plaintiff alleges that Mr. Atamian and Ms. Boeding transferred money belonging to the estate to their own account and then to another account, one belonging to defendant New Image Investments, LLC ("New Image"). These funds were used to purchase real property in Shawnee County, Kansas. In this action, Plaintiff seeks, for the benefit of the estate, to impose a constructive trust upon the real property and any proceeds of its sale. Plaintiff has received claims against its bonds because of the alleged misappropriation of the assets of the estate by defendants Atamian and Boeding. Mr. Atamian has not appeared in the instant action. Ms. Boeding and New Image are not presently represented by counsel.

**II.  Findings of Fact**

The Magistrate Judge proposes the following findings of fact, relevant to the instant motion:

Plaintiff served its First Requests for Production of Documents upon defendants Sherry Boeding and New Image on January 13, 2009. On February 16, 2009 and March 17, 2009, Plaintiff agreed to Defendants' requests for separate 30-day extensions of time to produce the requested

documents. Defendants provided some documents to Plaintiff on April 14, 2009.

On April 15, 2009, counsel for defendants Boeding and New Image filed a motion to withdraw as counsel. The Court granted the motion on May 5, 2009.

On April 28, 2009, Plaintiff filed a Motion to Compel Production of Documents From Defendants Sherry Boeding and New Image (doc. 33). The motion sought an order to compel those defendants to produce documents, responsive to its First Request for Production of Documents. No defendant opposed the motion.

The Court conducted the scheduling conference on May 19, 2009.[1] Plaintiff appeared through counsel. Defendant Sherry Boeding appeared *pro se*. There were no other appearances. The Court permitted without objection Jennifer Boeding to attend the conference as an observer. The Court declined to allow her to appear as representative for the corporate defendant New Image, as she is not an attorney. During the conference the Court addressed Plaintiff's Motion to Compel Production of Documents from Defendants Boeding and New Image.[2] It entertained suggestions as to the time within which defendants Boeding and New Image should produce the documents requested by Plaintiff and as to the relevance of some of the documents. After giving due consideration to the motion and hearing oral arguments of the parties, the Court sustained the motion to compel in part and overruled it in part. The Court ordered defendants Boeding and New Image to produce by June 18, 2009, all documents responsive to Plaintiff's Request Nos. 1 through 3 and 8 through15, except for income tax returns for the year 2004. It further ordered these Defendants

---

[1]May 26, 2009 Scheduling Order (doc. 37).

[2]May 20, 2009 Mem. & Order (doc. 36).

to produce by July 3, 2009, any documents responsive to Plaintiff's Request Nos. 4 through 7 that counsel for Plaintiff had identified as items that could not be obtained from its counsel of record for related, probate litigation in California.

After Defendants failed to produce the documents as requested, Plaintiff on August 28, 2009, filed its Motion to Require Defendants Boeding and New Image to Comply with a Discovery Order (doc. 45). It requested the Court to order these Defendants to fully comply with its prior discovery orders and to produce all documents responsive to its First Request for Production of Documents Nos. 5, 7, 8, 9, 12, 13, and 14. Plaintiff claimed in its motion that Defendants still had not fully complied with the order to produce those documents. Plaintiff also sought its expenses incurred in filing the motion and an order that would find Defendants in contempt. Defendants filed no response to the motion.

On October 7, 2009, the Court granted Plaintiff's motion as uncontested under D. Kan. Rule 7.4.[3] It ordered Defendants Boeding and New Image to produce, within 20 days, documents responsive to Plaintiff's Request for Production of Documents Nos. 5, 7-9, and 12-14. Given their *pro se* status, the Court overruled the request to find Defendants in contempt. It ordered Plaintiff to file a memorandum of its requested expenses incurred for filing the motion to compel, however, and allowed Defendants an opportunity to respond. Plaintiff filed its Memorandum of Requested Expenses on October 21, 2009 (doc. 51). It showed expenses incurred in the amount of $640 to make its motion. Defendants filed no response.

---

[3]Oct. 7, 2009 Mem. & Order (doc. 50).

On December 22, 2009, the Court entered a Memorandum and Order (doc. 58). It found that Defendants had failed to fully comply with the prior discovery orders and to produce documents responsive to Plaintiff's requests. The Court further awarded Plaintiff its reasonable expenses incurred in making its motion and ordered Defendants Boeding and New Image to pay Plaintiff and its attorneys $640 as reasonable expenses within 30 days of its order. It also directed Defendants to file a receipt or affidavit to show that they had made the payment.

In another Memorandum and Order (doc. 59), also entered on December 22, 2009, the Court directed Defendants Boeding and New Image to show cause in writing by January 22, 2010, why they should not be held in contempt for their failure to comply with the discovery orders of May 20, 2009, and October 7, 2009 (docs. 36 and 50). Again defendants failed to respond. The docket lacks any showing that Defendants paid Plaintiff $640, as previously ordered.

The Court held a telephone status conference on January 5, 2010. Plaintiff appeared through counsel. Defendant Boeding appeared *pro se*. There were no other appearances. At the status conference and in its Order, the Court reminded Defendant Boeding that the duty of Defendants is to produce documents in their possession, custody, or control.[4] The Court further cautioned that sanctions could be imposed upon Defendants, pursuant to Fed. R. Civ. P. 37(b)(2)(A), for their failure to comply with the prior orders of the Court. The Order further quoted Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii), including the subsection allowing a court to issue an order rendering a default judgment against the disobedient party.

---

[4]Jan. 6, 2010 Order (doc. 61).

On April 14, 2010, Plaintiff filed the instant Motion for Default Judgment and Sanctions Against the Defendants. It requests that the Court, pursuant to Fed. R. Civ. P. 37, impose sanctions upon Defendants for their failure to cooperate in discovery and comply with the prior orders. On May 18, 2010, Defendant Boeding filed a Motion for Enlargement of Time (doc. 80). She requested an extension of time to respond to Plaintiff's Motion for Default Judgment and Sanctions. The Court granted her motion as unopposed and ordered her to file her response by June 28, 2010. Despite the extension, she has filed no response.

On July 27, 2010, the case came before the undersigned Magistrate Judge for final pretrial conference by telephone. Plaintiff appeared by counsel, who had submitted a proposed pretrial order and was prepared to proceed. Defendant Sherry Boeding appeared *pro se*. There were no other appearances. Defendant Boeding had failed to participate in preparation of a proposed pretrial order. She was not prepared to proceed. Consequently, the final pretrial conference was continued to August 5, 2010.[5] Defendant Boeding knew she had a duty to participate in the preparation of a proposed pretrial order.[6] The final pretrial conference did proceed to a conclusion before the undersigned Magistrate Judge on August 5, 2010. At the pretrial conference it remained apparent that discovery is not yet complete. Plaintiff is still trying to obtain from non-parties copies of the documents that Defendants were directed to produce by the prior orders of the Court.

---

[5]*See* Minute Entry from July 27, 2010 Partial Pretrial Conference (doc. 87).

[6]*See* Defendant Boeding's Motion to Stay Pending Resolution of Defendants' Motion for Summary Judgment, or in the Alternative, to Extend the Deadline Date of March 3, 2010 to Submit a Jointly Prepared Pretrial Order (doc. 67).

**III.     Legal Standard**

Federal Rule of Civil Procedure 37(b)(2)(A) permits the imposition of a variety of sanctions based upon a party's failure to obey an order to provide or permit discovery. One sanction that may be imposed for failure to comply with an order is to render a default judgment against the disobedient party.[7] The imposition of sanctions, as well as the choice of an appropriate sanction, is a matter committed to the sound discretion of the court.[8] The court's discretion, however, is limited in that Rule 37(b)(2)(A) requires that any sanction be "just" and that the sanction be specifically related to the particular "claim" which was at issue in the order to provide discovery.[9] Similarly, under D. Kan. R. 11.1(c), the imposition of sanctions for violation of a local rule or order is discretionary with the court. In considering the imposition of sanctions, the court may consider whether a party's failure was "substantially justified or whether other circumstances make the imposition of sanctions inappropriate."[10]

Default judgment is a harsh sanction that will be imposed only when the failure to comply is the result of "wilfulness, bad faith, or [some] fault of petitioner" rather than inability to comply.[11]

---

[7] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[8] *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642 (1976).

[9] *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 733 (D. Kan. 2002). *See also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

[10] D. Kan. R. 11.1(c).

[11] *F.D.I.C. v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992) (quoting *Nat'l Hockey League*, 427 U.S. at 640).

Willful failure is an intentional failure rather than involuntary noncompliance[12] and no wrongful intent need be shown.[13] "Some fault on the part of or attributable to the party involved must exist in order to enter a default as a sanction."[14]

The Tenth Circuit has stated that it does not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case.[15] "[S]trong policies favor resolution of disputes on their merits: '[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.'"[16] Because default is a harsh sanction, it should ordinarily not be invoked for an isolated incident of discovery misconduct.[17]

## IV. Whether Sanctions Should be Imposed Against Defendants

### A. Defendant Sherry Boeding

Plaintiff states in support of its motion that defendant Sherry Boeding still has not complied with the discovery and sanction orders of the Court and has failed to provide requested financial

---

[12]*Id.*

[13]*In re Standard Metals Corp.*, 817 F.2d 625, 628-29 (10th Cir. 1987).

[14]*Kiely v. Shores Group, Inc.*, 160 F.R.D. 159, 160 (D. Kan. 1995) (citing *Smith v. United States*, 834 F.2d 166, 171 (10th Cir. 1987)).

[15]*Ruplinger v. Rains*, 946 F.2d 731, 733 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

[16]*Id.*

[17]*See Casson Const. Co., Inc. v. Armco Steel Corp.,* 91 F.R.D. 376, 385 (D. Kan. 1980) (finding that the defendants' failure to answer interrogatories, when viewed in its totality, represented "flagrant bad faith" and "callous disregard" of a party's obligations under the discovery rules).

information and documents relating to probate estate funds. Plaintiff contends that defendant Boeding never intended to comply with her discovery obligations and that she has been uncooperative in divulging the name and account numbers of financial entities and third parties that may have held estate funds. Plaintiff argues that this has made it impossible for it to determine where funds of the estate are, when and how they were divested, and the accuracy of the claim of New Image that it paid back any funds.

The undersigned Magistrate Judge finds that sanctions against defendant Sherry Boeding are warranted and appropriate. She has willfully disobeyed numerous discovery orders to produce documents responsive to Plaintiff's First Request for Production of Documents Nos. 5, 7-9, and 12-14. She has been ordered to pay monetary sanctions to Plaintiff. She has never paid them.

Although defendant Boeding is proceeding in this matter *pro se*, she nevertheless has a duty to obey the orders of the Court. She has been ordered several times to produce discovery, but has failed to do so. She has provided unconvincing excuses for her failures. She has stated at times that she would produce documents, but has failed to do so. Plaintiff has incurred prejudice by the repeated failures of defendant Boeding to produce financial and other relevant documents. The documents appear to be relevant to the claim of Plaintiff that defendants Atamian and Boeding transferred funds of the estate to their own account and then to an account of defendant New Image to purchase real property in Shawnee County, Kansas. The conduct of Defendant Boeding has necessitated repeated requests by Plaintiff for extensions of discovery and other deadlines. Plaintiff has pursued alternative discovery procedures to try to obtain the information from non-parties. Its pursuit for that discovery continues. The conduct of Defendant Boeding has thus hindered and substantially delayed judicial process in this case.

The Court has warned Defendant Boeding that sanctions, including default judgment, could be imposed upon her for her failure to comply with the prior orders of the Court. At the status conference of January 5, 2010, and in its order of January 6, 2010, the Court specifically cautioned that sanctions could be imposed for her failures of compliance. The Court specifically quoted all the sanctions available under Fed. R. Civ. P. 37(b)(2)(A), including default judgement against a disobedient party. Defendant Boeding has also been provided an opportunity to show cause why she should not be held in contempt for her failure to comply with the Court's May 20 and October 7, 2009 discovery orders.[18] She has not responded.

Default judgment is a harsh sanction. But in this case the Magistrate Judge finds that default judgment is warranted and appropriate, given defendant Boeding's repeated, willful, and flagrant disobedience of the orders of May 20, 2009 (doc. 36), October 7, 2009 (doc. 50), and December 22, 2009 (doc. 58), to produce discovery and to pay monetary sanctions. For these reasons the Magistrate Judge recommends that the Court enter default judgment against defendant Sherry Boeding.

### B. Defendant New Image Investments, LLC

Plaintiff also seeks sanctions of default judgment against defendant New Image Investments, LLC. The Magistrate Judge recommends that default judgment be entered against defendant New Image as well. Defendant New Image has not retained counsel to represent it, despite being advised in May 2009 that it could not represent itself. By failing to obtain counsel, defendant, a limited liability company, has failed to appear and defend itself in this case. In addition, by its non-

---

[18]*See* Dec. 22, 2009 Mem. & Order (doc. 59).

appearance, it has also failed to comply with the orders to produce discovery and with the deadlines and requirements set forth in the Scheduling Order, as revised.

The Court has ordered defendant New Image to comply with the same Court orders as defendant Boeding. It has defaulted upon those orders to produce discovery. It has not paid sanctions it was ordered to pay. The failures in discovery are the failures of both defendants, not just defendant Boeding. In failing to retain counsel and to avoid default, defendant New Image has, like co-defendant Boeding, failed to comply with the Court's May 20, 2009, October 7, 2009, and December 22, 2009 discovery orders. Accordingly, the Magistrate Judge recommends that default judgment also be entered against defendant New Image.

## **RECOMMENDATION**

The undersigned Magistrate Judge respectfully recommends that Plaintiff's Motion for Default Judgment and Sanctions (doc. 75) be GRANTED. Default judgment should be entered against defendant Sherry Boeding based upon her repeated, willful, and flagrant disobedience of the Court's May 20, 2009 (doc. 36), October 7, 2009 (doc. 50), and December 22, 2009 (doc. 58) Orders. Default judgment should also be entered against defendant New Image Investments, LLC based upon its failure to take any action for representation and thus to appear and defend itself, and for its disobedience of the orders of May 20, 2009, October 7, 2009, and December 22, 2009.

Dated in Kansas City, Kansas, this 6th day of August 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge