IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS )
INDEMNITY COMPANY, )
 )
Plaintiff, )
 )
v. ) Case No. 08-2586-JWL
 )
JOHN ATAMIAN; SHERRY BOEDING; )
and NEW IMAGE INVESTMENTS, LLC, )
 )
Defendants. )
 )
_____)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on plaintiff's motion for default judgment against defendants Sherry Boeding and New Image Investments, LLC ("New Image"), for failure to comply with discovery orders (Doc. # 74); and on Ms. Boeding's objections (Doc. ## 91, 92) to a Report and Recommendation of August 6, 2010, by which the Magistrate Judge recommended that the default judgment be entered. (*See* Report and Recommendation, Doc. # 90.) For the reasons set forth below, the Court **grants** plaintiff's motion for default judgment and **overrules** Ms. Boeding's objections. Accordingly, default judgment is entered against Ms. Boeding and New Image (who failed to respond to the Magistrate Judge's report and recommendation).

## I. **Procedural History**

Plaintiff is a California surety company that issued bonds on behalf of defendant John Atamian, who had been appointed administrator of a California probate estate. Plaintiff alleges that Mr. Atamian and Ms. Boeding transferred money belonging to the estate to their own accounts and then to New Image (a limited liability company owned by Ms. Boeding's daughter and son-in-law), which then used those funds to purchase real property in Shawnee County, Kansas. In this action, plaintiff seeks an order that the property and any sale proceeds are subject to a constructive trust for the benefit of the estate's beneficiaries—thereby benefitting plaintiff, who has paid claims made against its bonds accusing Mr. Atamian and Ms. Boeding of misappropriation of estate assets.[1] Plaintiff also seeks an accounting of estate assets by defendants. Mr. Atamian has not appeared in this action, and he has been declared in default. Counsel for Ms. Boeding and New Image withdrew in May 2009, and neither party has been represented by counsel since that time.[2]

In January 2009, plaintiff served its first request for production of documents, but defendants did not provide a written response by their deadline (which had been extended twice). Before defendants' counsel's withdrawal, he provided some documents

---

[1] The California probate court has issued a judgment in favor of plaintiff against Mr. Atamian and Ms. Boeding for concealing estate assets.

[2] The Court will refer to Ms. Boeding and New Image collectively as "defendants".

to plaintiff, but he indicated to plaintiff's counsel that he did not have other documents and thus could not comply with the discovery requests. On April 28, 2009, plaintiff filed a motion to compel defendants' compliance with the document requests (Doc. # 33). Defendants did not file any response to the motion to compel.

On May 19, 2009, the Magistrate Judge conducted a scheduling conference, at which Ms. Boeding appeared pro se. The Magistrate Judge permitted Ms. Boeding's daughter to attend as an observer, but because she is not an attorney, she was not permitted to represent New Image. The Magistrate Judge heard arguments on the motion to compel, including with respect to the relevance of the requested documents. The Magistrate Judge then granted the motion in part and denied it in part, a ruling memorialized by Memorandum and Order dated May 20, 2009 (Doc. # 36). Defendants were ordered to produce by June 18, 2009, documents responsive to requests 1 through 3 and 8 through 15, except for 2004 tax returns; and to produce by July 3, 2009, documents responsive to requests 4 through 7 that plaintiff's counsel had identified that could not be obtained from counsel in the California probate proceedings.

Again, defendants failed to meet the Court's deadlines. At a telephone status conference on July 23, 2009, defendants were granted an extension to July 27, 2009, in which to produce the documents as ordered. Defendants provided a small number of documents to plaintiff and a written response (containing no objections) to the requests dated July 27, 2009. On August 13, 2009, the Magistrate Judge conducted a telephone conference that included a discussion of discovery issues, and the Magistrate Judge told

3

plaintiff to file a motion to address any failure by defendants in producing documents.

On August 28, 2009, plaintiff filed a motion to require defendants' compliance with the Court's previous discovery order of May 20 (Doc. # 45). In the motion, plaintiff noted that disputes remained with respect to requests 5, 7, 8, 9, 12, 13, and 14. Defendants did not respond to this motion. By Memorandum and Order of October 7, 2009, the Magistrate Judge granted the motion for compliance as uncontested (Doc. # 50). The Court ordered defendants to produce all documents responsive to those seven requests within 20 days. The Court declined to hold defendants in contempt, in light of their pro se status, but it allowed plaintiff to file a memorandum of its expenses incurred with respect to the motion, with defendants granted an opportunity to respond to that memorandum. On October 21, 2009, plaintiff filed its request for $640 in expenses, and defendants failed to file any response.

Defendants did not respond to or comply with the order to produce documents within 20 days. On November 10, 2009, plaintiff filed a motion requesting that defendants be ordered to show cause why they should not be held in contempt (Doc. # 50). Plaintiff noted that on October 28, 2009, its counsel had discussed discovery issues with Ms. Boeding, who represented that she would produce documents the following week, but no such documents were produced. Defendants did not respond to this motion.

By Memorandum and Order dated December 22, 2009 (Doc. # 58), the Magistrate Judge found that defendants had failed to comply with discovery orders and that such failure was not substantially justified, and it therefore ordered defendants to pay

4

plaintiff's fees of $640 within 30 days. There is no record that defendants ever complied with this order.

By separate Memorandum and Order dated December 22, 2009 (Doc. # 59), the Magistrate Judge decided to grant defendants yet another opportunity to explain their failure to comply with the discovery orders of May 20 and October 7, and he ordered defendants to show cause in writing by January 22, 2010, why they should not be held in contempt for that failure. At a telephone status conference on January 5, 2010, at which Ms. Boeding appeared pro se, and in his subsequent order of January 6, 2010 (Doc. # 61), the Magistrate Judge reminded Ms. Boeding yet again of defendants' duty to produce documents in their possession, custody, or control, and it further warned defendants (quoting from Fed. R. Civ. P. 37) that a failure to obey a discovery order could result in sanctions, including default judgment. Despite this warning, defendants failed to file any response to the show cause order.[3]

On April 14, 2010, plaintiff filed the instant motion for default judgment against defendants as a sanction for their failure to comply with the Court's discovery orders (Doc. # 74).[4] In the motion, plaintiff noted that defendants had not adequately responded

---

[3]On February 6, 2010, Ms. Boeding filed a motion for summary judgment (Doc. #62), which the Court subsequently denied. *See* Memorandum and Order of May 5, 2010 (Doc. # 79). In her supporting brief (Doc. # 63), Ms. Boeding asked that her motion also be accepted as her response to the show cause order, but she did not discuss discovery or her compliance with the discovery orders in her motion or brief.

[4]On April 15, 2010, the Court referred this motion to the Magistrate Judge for
(continued...)

to the show cause order, and it represented that defendants had still not provided the requested financial information, including with respect to Ms. Boeding's accounts and any other accounts that had ever held estate funds. Plaintiff further noted New Image's failure to retain new counsel or to participate at all in the litigation.[5] Defendants did not respond to the motion for default judgment by their deadline of May 5, 2010. *See* D. Kan. R. 6.1(d)(2).

On April 26, 2010, plaintiff filed a motion to continue the pretrial conference (set for May 4) and extend other deadlines (Doc. # 77). In the motion, plaintiff noted that Ms. Boeding did not oppose the continuance, and it represented that defendants still had not produced requested documents and complied with the Court's prior discovery orders. Defendants did not file anything in response to plaintiff's representation concerning their failure to comply. The Magistrate Judge granted the relief requested (Doc. # 78).

On May 18, 2010, Ms. Boeding filed a motion requesting an additional 20 days in which to respond to plaintiff's motion for default judgment (Doc. # 80). Ms. Boeding stated that she had been diligently attempting to resolve outstanding discovery issues with plaintiff's counsel, that plaintiff's counsel had sent a letter to her on May 10, and that she was preparing a response to that letter. Ms. Boeding further noted that the

---

[4](...continued)
report and recommendation (Doc. # 76).

[5]Plaintiff also requested a contempt citation against Ms. Boeding. The Magistrate Judge did not recommend such a sanction in his report, and plaintiff has not filed any objections to the report.

6

transition to a new attorney for plaintiff had delayed her receipt of feedback concerning her compliance with discovery and thus "created a significant hurdle" in responding to the motion for default judgment. Ms. Boeding's motion did not contain any representation or suggestion that she had already complied with all discovery duties and the Court's discovery orders. The Magistrate Judge granted the motion and allowed Ms. Boeding until June 28 in which to file her response to the motion for default judgment (Doc. # 84).

On June 16, 2010, plaintiff again sought a continuance of the pretrial conference (Doc. # 83). Plaintiff noted that Ms. Boeding had provided some documents and was in the process of providing additional documents. The Magistrate Judge granted the motion and re-set the pretrial conference for July 27. On July 21, 2010, plaintiff moved to extend again the discovery and dispositive motion deadlines, based on outstanding subpoenas issued because defendants had been unable to produce requested documents (Doc. # 86). The motion noted that Ms. Boeding had agreed to the extension; neither defendant filed anything to contradict plaintiff's characterization of the status of discovery.

The Magistrate Judge attempted to conduct the pretrial conference by telephone on July 27, 2010 (Doc. # 87), but he continued the conference to August 5 because of Ms. Boeding's failure to participate in the preparation of the parties' proposed pretrial order. Ms. Boeding was ordered to provide plaintiff's counsel with her portions of the proposed pretrial order by July 29, 2010. Plaintiff's request for deadline extensions was

7

denied without prejudice to a further motion if the pending motion for default judgment were eventually denied. On July 30, 2010, plaintiff filed a notice that Ms. Boeding had failed to provide her portions of the pretrial order by the deadline of July 29, and that she had provided only a "draft" of her portions on July 30. The Magistrate Judge conducted the pretrial conference by telephone on August 5, 2010. As noted by the Magistrate Judge in his report and recommendation: "At the pretrial conference it remained apparent that discovery is not yet complete. Plaintiff is still trying to obtain from non-parties copies of the documents that Defendants were directed to produce by the prior orders of the Court."

On August 6, 2010, the Magistrate Judge issued his report and recommendation (Doc. # 90), in which he recommended awarding default judgment against Ms. Boeding and New Image. The Magistrate Judge found the following: Ms. Boeding has willfully disobeyed numerous discovery orders; she has failed to pay monetary sanctions as ordered; she has provided unconvincing excuses for her failures; she has stated at times that she would produce documents, but without doing so; that the requested documents are relevant to plaintiff's claims, and plaintiff has incurred prejudice by her failures; that her conduct has necessitated repeated requests by plaintiff for extensions; that she has hindered and substantially delayed the judicial process; that she has been warned of possible sanctions for failing to comply with orders, including the sanction of a default judgment; and that she was provided an opportunity to show cause why she should not be held in contempt, but did not respond. With respect to New Image, the Magistrate

8

Judge noted that it had been advised that it could not appear pro se; that it had nonetheless failed to obtain counsel and defend itself in the case; that it had failed to comply with the Court's discovery orders; and that it had failed to pay monetary sanctions as ordered.

On August 21, 2010, Ms. Boeding filed a Motion for Specific Objections to the Magistrate's Report and Recommendation (Doc. #91), pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and an accompanying brief (Doc. # 92). Ms. Boeding objects to the finding in the report that she has willfully disobeyed discovery orders, arguing that she produced all responsive documents by July 2009. She further attempts to explain her failure to respond to the motion for default judgment and her failure to be prepared for the pretrial conference. She also objects to a default judgment against New Image.[6]

---

[6] The Court rejects Ms. Boeding's argument that plaintiff was required to certify that it had conferred with defendants before filing the motion for default judgment. The certification requirement applies to a "motion for sanctions for failing to answer or respond." *See* Fed. R. Civ. P. 37(d)(1)(B); *see also* D. Kan. R. 37.2 (requirement applies to "any motion to resolve a discovery dispute"). Thus, plaintiff included the necessary certification in its initial motion to compel. No such requirement is imposed before a court may issue an order imposing sanctions for a party's failure to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A).

The Court also rejects Ms. Boeding's request, made in the conclusion of her brief, for reconsideration of the Court's order denying her motion for summary judgment. The request is untimely. *See* D. Kan. R. 7.3(b) ("Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time."). Moreover, Ms. Boeding's cursory argument lacks merit. The ultimate outcome upon remand in the case cited by the Court, *Marshall v. Marshall*, 547 U.S. 293 (2006), does not alter the Supreme Court's standard, on which this Court relied

(continued...)

## II.   **Applicable Standards**

The Court reviews *de novo* the portions of a magistrate judge's report and recommendation to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 584 (10th Cir. 1991).

Rule 37 provides that if a party fails to obey "an order to provide or permit discovery," the court "may issue further just orders," including "rendering a default judgment against the disobedient party." *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). The imposition of sanctions under this rule falls within the district court's discretion. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S.639, 642 (1976). That discretion is limited in two ways: the sanction must be "just", and it must relate to the particular "claim" at issue in the discovery order. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

"A default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of wilfulness, bad faith, or some fault of petitioner rather than inability to comply." *FDIC v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992) (internal quotation omitted). "A 'willful failure' is an intentional failure

---

[6](...continued)
in refusing to abstain in this case. *See* Memorandum and Order of May 5, 2010, at 4-5 (Doc. # 79).

10

rather than involuntary noncompliance." *Id.* The Tenth Circuit has noted that it has upheld defaults where the parties have refused to obey court orders, although not where the default was based on "inadvertence or simple neglect," and it has been reluctant to affirm defaults on the basis of "isolated instances of noncompliance" or where the district court has not explained why "lesser sanctions would be ineffective." *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464-65 (10th Cir. 1988). The relevant factors include the degree of prejudice to the other party, the amount of interference with the judicial process, the culpability of the litigant, whether the litigant was warned of the possible sanction, and whether a lesser sanction would be effective. *See id.* at 1465; *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (involving dismissal as discovery sanction).

### III. Default Judgment Against New Image

New Image has not responded to the Magistrate Judge's report and recommendation. Although Ms. Boeding argues against a default judgment against New Image, she cannot seek relief on behalf of New Image. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (a business entity may appear only through an attorney and may not appear by a non-lawyer pro se).

The Court agrees with the Magistrate Judge that a default judgment against New Image is warranted. After the withdrawal of New Image's counsel, the Magistrate Judge made clear to New Image's principal (who was permitted to attend one hearing as an

11

observer) that New Image could not appear in the action pro se. No counsel has appeared in this action on behalf of New Image since that withdrawal in May 2009; thus, New Image has not participated in the litigation since that time. New Image did not respond to plaintiff's discovery requests. Although Ms. Boeding produced some documents relating to New Image, there is no record that New Image complied with the request for production of documents. The Magistrate Judge's discovery orders applied to and were served on New Image, and New Image failed to respond to or comply with those orders. New Image also failed to pay the monetary sanctions ordered by the Magistrate Judge, and it failed to respond to the Magistrate Judge's order to show cause why it should not be held in contempt. New Image did not respond to the motion for default judgment, and it failed to participate in the pretrial conference or the preparation of the pretrial order, thereby waiving any defenses.

Thus, New Image has willfully and repeatedly failed to comply with orders of the Court. Those failures were not merely inadvertent or a result of simple neglect, as New Image was informed of the need for counsel and nonetheless refused to participate in the lawsuit. The documents requested by plaintiff are relevant to its claims, and plaintiff therefore suffered prejudice by its inability to obtain documents directly from New Image. New Image's failure to participate in this action has interfered with the judicial process. New Image was warned of possible sanctions, including default, in the Magistrate Judge's orders, and New Image's failure to obey any order (including payment of monetary sanctions) or to participate at all in the suit indicates that a lesser

sanction would not be effective. Accordingly, the Court grants plaintiff's motion and awards plaintiff default judgment against New Image.

### IV.     **Default Judgment Against Ms. Boeding**

Ms. Boeding's primary argument in her objections to the Magistrate Judge's report and recommendation is that she did not fail to comply with discovery orders because she had provided all responsive documents by July 2009. The Court concludes, however, that the record does not support that argument.

The Court first notes that Ms. Boeding has not provided evidence to support her argument that she had fully complied by mid-2009. Although Ms. Boeding has submitted some correspondence between the parties, she has not provided an affidavit or verified the statements in her brief under oath. Moreover, the correspondence reveals that Ms. Boeding was still trying to produce documents within the last few months, which belies her statement that she produced everything long ago.

In addition, the Magistrate Judge has indicated in his report and in his prior orders that it became clear at various conferences that Ms. Boeding had not produced all responsive documents. The Magistrate Judge noted that Ms. Boeding's excuses were unconvincing and that she would promise to produce documents and then fail to do so. Ms. Boeding has not specifically objected to these factual findings by the Magistrate Judge from his report. Ms. Boeding argues generally that she was not permitted to give her explanations in the conferences with the Magistrate Judge, but that representation

13

cannot be credited, as Ms. Boeding has failed to provide the Court with any hearing transcripts, as required by rule. *See* Fed. R. Civ. P. 72(b)(2) ("Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient."). It is also significant that Ms. Boeding never responded either to plaintiff's claims in its motions that she had not provided discovery or to the Magistrate Judge's findings of non-compliance in his prior orders, despite being given many opportunities to do so. Indeed, the Magistrate Judge was quite patient with Ms. Boeding, discussing discovery and warning her about sanctions multiple times in conferences and ordering her to comply or respond four separate times in writing before recommending a default judgment. The fact that Ms. Boeding never filed any objection to plaintiff's representations or the Magistrate Judge's findings contradicts her argument that she had in fact complied with her discovery obligations by mid-2009.

Ms. Boeding also argues in her brief that she was never an executor or administrator of the California probate estate, and that therefore she had no authority with respect to estate records. Ms. Boeding further contends that she tried to inform plaintiff and the Magistrate Judge of that fact many times during the case. Ms. Boeding's argument does not address, however, the requirement that she produce all responsive documents in her possession or control, regardless of any official title she may or may not have had with respect to the probate estate. The California court has

14

issued a judgment against her for concealing or misappropriating assets of the estate. Plaintiff's document requests did not merely seek information regarding official estate accounts; they also sought records from any accounts that ever contained any funds from the probate estate. Thus, the fact that Ms. Boeding may not have been the official executor does not necessarily mean that she would not possess or control any responsive documents.

Ms. Boeding's non-compliance is most obvious with respect to plaintiff's request for all records of her own financial and bank accounts. Ms. Boeding argues that she banks on-line and that necessary information is simply downloaded into her accounting software. Of course, there is no evidence to support that representation that she does not possess any account statements. Beyond that, however, Ms. Boeding again seems to be ignoring her duty to provide not only documents in her possession, but also those under her control—which would require her to obtain and produce any statements the particular financial institution may have. The Court further notes that plaintiff's document requests encompassed data compilations; thus, if the particular financial institutions had records of Ms. Boeding's accounts (as they undoubtedly did), Ms. Boeding was required to obtain that information from the institutions in some form and produce it to plaintiff. There seems to be no dispute that Ms. Boeding failed to produce all such information.

Thus, Ms. Boeding has utterly failed to participate in or demonstrate the necessary respect for the judicial process in this case. She did not submit a timely response to the

15

initial document request. She refused to respond to plaintiff's discovery motions or to the Magistrate Judge's orders, including those seeking or contemplating sanctions. In her brief, Ms. Boeding tries to explain why she failed to respond to plaintiff's motion for default judgment; specifically, she states that believed that discovery was completed and that plaintiff would therefore withdraw the motion, and that she was preparing a response when her daughter suffered a serious injury and became hospitalized. That explanation does not excuse Ms. Boeding's failure to respond, however. Ms. Boeding does not claim that plaintiff's counsel promised to withdraw the motion, but instead only states that she "perceived" that plaintiff would do so. The accident involving Ms. Boeding's daughter occurred on July 4, 2010, after her (extended) deadline for a response had already expired. Moreover, Ms. Boeding did not file a motion for another extension or attempt to file a response out of time once the emergency with her daughter had passed, even though she claims to have worked on the response from the end of June until July 4.[7] In summary, Ms. Boeding had ample time (including by virtue of an extension sought out-of-time) in which to file something with the Court before the Magistrate Judge issued his

---

[7] Ms. Boeding has submitted a copy of an e-mail that she sent to the Magistrate Judge's chambers stating that she had missed the June 28 deadline "due to unforeseen circumstance [*sic*] involving a family emergency," that she anticipated filing the response by July 12, and that plaintiff's counsel did not object to the late filing. Plaintiff's counsel then e-mailed the Magistrate Judge to say that plaintiff did object to the requested extension (Ms. Boeding had simply given plaintiff's counsel a very short time to respond with any objection, and plaintiff's counsel had not responded by the time Ms. Boeding e-mailed the Magistrate Judge). No formal motion was filed, however, and Ms. Boeding did not file a response by July 12 or at any time thereafter.

16

report and recommendation.

Ms. Boeding also failed to participate in the preparation of a proposed pretrial order, as ordered by the Court in the scheduling order. Ms. Boeding argues that she had been led to believe by a March 4, 2010, e-mail from plaintiff's counsel that the case was not ready for a pretrial conference. That e-mail preceded the actual conference by many months, however, and the Magistrate Judge's orders had clearly stated that the conference on July 27, 2010, was the final pretrial conference for the case. In addition, even after the Magistrate Judge again continued the conference, Ms. Boeding failed to participate in the preparation of the proposed pretrial order by the new deadline imposed by the Magistrate Judge.

These failings—including the failure with respect to the pretrial order and Ms. Boeading's out-of-time requests for extensions—also demonstrate Ms. Boeding's unwillingness to abide by deadlines imposed by the Court or the applicable rules.[8] Even now, in filing her objections to the Magistrate Judge's report and recommendation, Ms. Boeding has failed to meet the applicable deadline. Any such objections must be filed within 14 days after service of the report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Magistrate Judge filed the report on August 6, 2010. Because Ms. Boeding has registered to participate in the Court's electronic filing system, the report was served

---

[8]As another example, Ms. Boeding is also only now requesting reconsideration of the Court's denial of her summary judgment motion, well outside of the 14-day time limit for such motions. *See supra* note 6.

17

on her by electronic notice that same day. *See* D. Kan. Rule 5.4.9. Thus, any objections were due on or before August 20, 2010, and Ms. Boeding's objections are therefore untimely. Ms. Boeding has not provided any explanation for that untimeliness or otherwise requested leave to file her objections out of time. (Ms. Boeding did not attempt to file any reply brief by which she might have addressed the timeliness issue and any other arguments raised by plaintiff in its response brief.) Accordingly, the Court overrules Ms. Boeding's objections not only on the merits, but also because they were not timely filed. Returning to the merits, however, this final incidence of Ms. Boeding's violation of the rules further demonstrates her patent disregard for the proper administration of the judicial process through the applicable rules and orders of the Court.

For all these reasons, the Court concludes that plaintiff is entitled to a default judgment against Ms. Boeding. Ms. Boeding's failure to comply with Court orders regarding discovery—including a straightforward order to pay $640 to plaintiff as a sanction—was willful and intentional, and not merely a result of inadvertence or excusable neglect. The default judgment does not result from an isolated incident of non-compliance; rather, Ms. Boeding disobeyed multiple orders. Plaintiff has been forced to seek documents from third parties at its expense, it has had to file numerous motions to enforce Ms. Boeding's discovery obligations, and it has had to seek extensions, thereby delaying the orderly prosecution of this case; thus, plaintiff suffered prejudice as a result of Ms. Boeding's conduct. Ms. Boeding has interfered with the

18

judicial process by her complete disregard of Court orders and deadlines. She was warned more than once of potential sanctions, including the sanction of default judgment, and she was given many opportunities in which to set forth any attempts to comply with the discovery requests or to contest the findings of the Magistrate Judge or the representations of plaintiff in its motions. There is no reason to believe that any lesser sanction would be effective here, in light of her repeated refusal to respond to or comply with Court orders—including an order to pay monetary sanctions and a show cause order threatening her with contempt—and her repeated refusal to follow applicable rules or abide by deadlines or participate as required by the Court. Ms. Boeding's failure to comply with orders of the Court relates directly to plaintiff's claims on which they seek a default judgment, and the Court concludes that a default judgment represents a just sanction in this case, given the totality of the circumstances.

Accordingly, the Court grants plaintiff's motion for a default judgment; it overrules Ms. Boeding's objections to the Magistrate Judge's report and recommendation; and it orders that plaintiff be awarded a default judgment on its claims set forth in the pretrial order.[9]

---

[9]Plaintiff has filed a motion to amend, seeking to add a claim relating to additional estate funds that plaintiff alleges have been transferred to New Image. (Although accompanied by a proposed amended complaint, the motion is more properly considered as a motion to amend the pretrial order, which has superseded any pleadings.) In accordance with Fed. R. Civ. P. 54(c), the default judgment awarded herein applies only the claims asserted in the present pretrial order, and not to the additional claim that plaintiff now seeks to assert.

(continued...)

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for default judgment against defendants Sherry Boeding and New Image Investments, LLC (Doc. # 74) is **granted**, and that Ms. Boeding's objections to the Magistrate Judge's Report and Recommendation of August 6, 2010 (Doc. ## 91, 92) are **overruled**. Plaintiff is hereby awarded a default judgment against Ms. Boeding and New Image Investments, LLC on the claims asserted by plaintiff in the present pretrial order.

IT IS FURTHER ORDERED THAT the present trial setting for this case is vacated.

IT IS SO ORDERED.

Dated this 27th day of September, 2010, in Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge

---

[9](...continued)
Moreover, in light of the motion to amend, the present trial setting is vacated. The motion to amend shall be addressed by separate order, and further proceedings shall be set by order of the Court in light of that ruling.