IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS )
INDEMNITY COMPANY, )
 )
        Plaintiff, )
 )
   v. ) Case No. 08-2586-JWL
 )
JOHN ATAMIAN; SHERRY BOEDING; )
and NEW IMAGE INVESTMENTS, LLC, )
 )
        Defendants. )
 )
_____)

**MEMORANDUM AND ORDER**

The matter is presently before the Court on plaintiff's motion for summary judgment against defendant New Image Investments, LLC ("New Image") on its claim for a constructive trust (Doc. # 115). The Court **grants** that motion, which is uncontested.

The matter also comes before the Court on plaintiff's motion for summary judgment on its claim against defendants John Atamian and Sherry Boeding for attorney fees and costs pursuant to indemnity agreements (Doc. # 131). That motion is **granted in part and denied in part**. Mr. Atamian has not appeared in this action, and he is therefore in default. Accordingly, plaintiff's motion is granted as against Mr. Atamian as uncontested, at least with respect to plaintiff's entitlement to fees. The Court will address the amount of that award at the conclusion of this litigation. With respect to Ms.

Boeding, the motion is **denied** with respect to fees and expenses incurred after plaintiff's motion to amend, based on a lack of venue in light of the indemnity agreement's forum selection clause. The Court will determine plaintiff's award against Ms. Boeding for fees and expenses incurred previously, pursuant to the default judgment against Ms. Boeding, at the conclusion of the litigation.

### I. Procedural Background

Plaintiff is a California surety company that issued bonds on behalf of Mr. Atamian, who had been appointed administrator of a California probate estate. Plaintiff has alleged that Mr. Atamian and Ms. Boeding transferred money belonging to the estate to their own account and then to an account of New Image, which then used those funds to purchase and renovate real property in Shawnee County, Kansas. Plaintiff seeks an order that the property and any sale proceeds are subject to a constructive trust for the benefit of the estate's beneficiaries—thereby benefitting plaintiff, who has paid claims made against its bonds accusing Mr. Atamian and Ms. Boeding of misappropriation of estate assets. The California probate court found Mr. Atamian and Ms. Boeding liable for fraud with respect to the misappropriation of estate assets, and it entered judgment against those two individuals in the amount of $493,982.81.

Mr. Atamian has not appeared in the action, and his default was entered in July 2009. In May 2009, counsel for Ms. Boeding and New Image was allowed to withdraw, and those two defendants have not been represented by counsel in this action since that

time. On May 5, 2010, the Court denied Ms. Boeding's pro se motion for summary judgment. On September 27, 2010, the Court entered default judgment against Ms. Boeding and New Image as a sanction for those defendants' failure to comply with discovery orders. The default judgments applied only to the claims asserted in the original pretrial order, by which plaintiff alleged that $120,000 from the estate funds were used to purchase the subject real property.

On September 15, 2010, plaintiff moved for leave to amend its complaint to increase the amount alleged to have been transferred to New Image. Because a pretrial order had already been entered, the Court considered the motion as one to amend the pretrial order, and it granted the motion as uncontested. The Magistrate Judge conducted a supplemental pretrial conference, and on January 11, 2011, the Court entered an amended pretrial order.

**II.     Plaintiff's Claim for a Constructive Trust**

By its first motion, plaintiff seeks summary judgment against New Image on its claim for a constructive trust on the subject real property in the total amount of $148,112.77.[1] As noted above, plaintiff has already received a default judgment against New Image on this claim in the amount of $120,000; thus, by its motion, plaintiff seeks

---

[1]Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

3

summary judgment on its amended claim for a constructive trust for the additional $28,112.77.[2]

New Image has not appeared in this action since the withdrawal of its original counsel. Thus, the Court grants the motion for summary judgment against New Image as uncontested. *See* D. Kan. Rule 7.4(b) (in absence of response, court will grant motion as uncontested). Moreover, the facts set forth and supported by plaintiff in its motion, which are uncontroverted, establish that the additional amount was transferred to and used by New Image to purchase and renovate the property and may be traced to the probate estate. Plaintiff also cites testimony from New Image's principal that the additional transfers to New Image from Ms. Boeding were gifts. Thus, because there was no consideration given for those transfers, New Image cannot have been a bona fide purchaser with respect to the additional amount. Accordingly, plaintiff is also entitled to summary judgment against New Image on the merits. *See Estate of Draper v. Bank of Am., N.A.*, 288 Kan. 510, 518-19 (2009) (constructive trust is appropriate where "a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it;" a third-party transferee holds the property subject to that interest unless it is a bona fide purchaser for value) (quoting Restatement of Restitution §§ 160, 168 (1936)); *Kline v.*

---

[2]In light of the default judgment already entered against New Image, the Court need not consider plaintiff's argument that New Image's assertion of bona-fide-purchaser status with respect to that $120,000 is not credible.

*Orebaugh*, 214 Kan. 207, 212 (1974) ("[I]f the trustee in breach of trust transfers trust property and no value is given for the transfer, the transferee does not hold the property free of the trust, although he had no notice of the trust.").

Ms. Boeding has filed a response brief in which she argues against the requested summary judgment against New Image. Ms. Boeding has no standing to oppose this motion, however. As noted by the Court in a prior order, Ms. Boeding cannot represent New Image. *See Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (a business entity may appear only through an attorney and may not appear by a non-lawyer pro se). Moreover, Ms. Boeding has not established that she holds any interest in the subject property, such that she would have a stake in the requested constructive trust against the property.

In addition, Ms. Boeding's legal arguments lack merit, even if she could assert them on behalf of New Image. The Court has previously rejected Ms. Boeding's argument that plaintiff has failed to state a claim for a constructive trust, and it again concludes that plaintiff has adequately pleaded facts supporting such a trust here under Kansas law, and that plaintiff need not prove fraud as a part of its claim. *See Estate of Draper*, 288 Kan. at 518, 205 P.3d at 698. As the Court has previously held, there is no requirement that plaintiff plead that it has obtained an order from the California court regarding the property at issue. The Court also again rejects Ms. Boeding's argument relating to subject matter jurisdiction. *See* Memorandum and Order of May 5, 2010, at 4-5 (citing *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006)). Again Ms. Boeding has

failed to show that a claim for a constructive trust on this property in Kansas has been litigated and actually decided in the California case such that res judicata should apply. *See id.* at 5. Ms. Boeding has failed to show that plaintiff does not have a right of subrogation by virtue of its payment of claims on the probate bonds. Finally, Ms. Boeding has not offered any reason why the default judgments should be vacated, and she has not shown that plaintiff's claims should be dismissed; accordingly, the Court denies Ms. Boeding's requests for such relief.[3]

For these reasons, the Court grants plaintiff's motion for summary judgment against New Image on its claim for a constructive trust in the total amount of $148,112.77.

### III. Plaintiff's Claim for Attorney Fees and Costs

By its second motion, plaintiff seeks summary judgment against Mr. Atamian and Ms. Boeding on its claim for attorney fees and costs incurred in this action, pursuant to indemnity agreements signed by those defendants. As noted above, both defendants have already been declared in default with respect to plaintiff's initial claims, which included a claim for reimbursement under the indemnity agreements. Thus, plaintiff has already been awarded judgment on its claim for fees incurred prior to its motion to

---

[3]Ms. Boeding stated at the end of her response brief that a part two to her opposition would follow, in which she would offer additional arguments, but she filed no such supplemental brief.

amend.

By its motion, plaintiff seeks an award of $151,343.56 for fees and expenses incurred to the date of its motion for summary judgment, plus an additional $60,000 to cover future fees and expenses. The Court concludes, however, that the amount of any such award is more ably and appropriately addressed at the conclusion of the litigation. At that time, plaintiff would be able to supplement its request with itemized fee statements, in accordance with a request made in its brief. Thus, the Court addresses only plaintiff's entitlement to fees, and defers any issue of the amount of such an award.

As noted above, Mr. Atamian has not appeared in this action, and the Court agrees that he should be considered to be default with respect to the amended claims as well. Accordingly, plaintiff is awarded judgment against Mr. Atamian on its claim for fees incurred in the entire action, although the Court will determine the amount of that judgment at a later date.

Finally, the Court addresses plaintiff's claim against Ms. Boeding for fees and expenses incurred since the motion to amend. Ms. Boeding makes a few arguments in opposition to summary judgment on that claim. First, the Court rejects Ms. Boeding's apparent argument that a fee award would be duplicative of the California probate judgments, as plaintiff is now seeking fees incurred only in this litigation in Kansas. Second, the Court rejects Ms. Boeding's argument that the exercise of personal jurisdiction over her would offend due process. As noted in the Court's pretrial orders, Ms. Boeding waived any challenge to personal jurisdiction by failing to raise the issue

in her initial response to the complaint. *See* Fed. R. Civ. P. 12(b). Moreover, the Court concludes that Ms. Boeding's transfers of funds to her daughter's company in Kansas for the purchase and renovation of real property in Kansas provide sufficient contacts to satisfy due process, and Ms. Boeding has not shown that this Court's exercise of jurisdiction over her would offend traditional notions of fair play.

Lastly, the Court considers Ms. Boeding's argument that plaintiff's claim for fees under Ms. Boeding's indemnity agreement cannot be pursued here in light of a forum selection clause in that agreement, providing as follows:

> The parties agree that the place of performance of this agreement, including the promise to pay Surety [plaintiff], shall be the County of Los Angeles, State of California and venue for any suit, arbitration, mediation or any other form of dispute resolution shall be in Los Angeles County, California.

In response to that argument, plaintiff first argues that Ms. Boeding waived that argument by admitting in her answer that venue was proper as alleged in the original complaint, which included a claim for attorney fees under the indemnity agreement. The Court rejects this argument by plaintiff. By seeking to amend its original complaint, plaintiff opened the door for Ms. Boeding to undo admissions made in her original answer. *See, e.g.*, 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1476 (2010) (admissions in an answer are superseded by subsequent answers if the complaint is amended). Because a pretrial order had already been entered, the Court considered plaintiff's motion to amend as one to amend the pretrial order, but Ms. Boeding was permitted to add contentions to the amended pretrial order, and she did raise this issue

8

of the indemnity agreement's forum selection clause. Plaintiff has not indicated how it could be unduly prejudiced by Ms. Boeding's raising the issue for the first time in the amended pretrial order. Thus, the Court would in its discretion allow Ms. Boeding to amend her contentions in the pretrial order to include this argument, as she has done, and the Court will not consider the issue waived.

With respect to the merits of Ms. Boeding's argument, plaintiff does not challenge the general validity or Ms. Boeding's interpretation of the forum selection clause. Instead, plaintiff only argues that its attorney fee claim may be heard here because it is ancillary and related to its constructive trust claim, which must be litigated in Kansas because it involves real property located here. Plaintiff argues that this Court has firsthand knowledge concerning the fees incurred here, and that requiring a separate fee action in California would waste judicial resources.

As its sole authority in support of that argument, plaintiff cites *Nelson Energy Programs, Inc. v. Oil & Gas Technology Fund, Inc.*, 36 Kan. App. 2d 462 (2006). In *Nelson*, the court held that under Kansas law, claims regarding land must be brought in the county where the property is located, and that such a jurisdictional issue of venue cannot be changed by agreement of the parties. *See id.* at 468. Thus, under *Nelson*, plaintiff could bring its constructive trust claim in Kansas, despite the forum selection clause—a result that makes sense, since a California court would not be able to exercise *in rem* jurisdiction over real property located in Kansas.

The *Nelson* court then considered whether the partition claim there should be

9

bifurcated, with the initial question of the parties' interests in the property determined in Nevada pursuant to a forum selection clause and the subsequent enforcement or partition in Kansas (where the property was located). The court declined to require such bifurcation, relying on the United States Supreme Court's requirement that forum selection clauses be "fair and reasonable." *See id.* at 470 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). The court concluded that bifurcation would not be fair and reasonable under the specific circumstances of that case, including the fact that Nevada did not bear a reasonable relationship to the transaction at issue. *See id.* The court further stated:

> More importantly, however, is the close connection in a partition action between the findings which must be made regarding each party's interests and the resulting division of those interests. . . . We construe [the partition statute] as envisioning a single judicial action that both determines the parties' interests and orders partition. It is doubtful that an equivalent result could be achieved in a fair, reasonable, and efficient manner through the successive involvement of courts in different jurisdictions.

*See id.*

*Nelson* is easily distinguished from the present case and does not provide persuasive authority that plaintiff's attorney fee claim may be brought in Kansas. In *Nelson*, bifurcation of a single claim would not have been reasonable because the other state bore no reasonable relation to the transaction and because the specific statute envisioned a single proceeding encompassing both the partition and the necessary determination of the parties' interests. In the present case, plaintiff's attorney fee claim

10

represents a separate claim from its claim concerning real property in Kansas, and the attorney fee determination is not necessary to a Kansas court's resolution of the Kansas-real-property claim. The forum selected by the parties' agreement (California) does bear a reasonable relation to the transaction. Thus, there is no reason why the attorney fee claim could not be litigated by plaintiff in a separate suit in California after its constructive trust claim has been resolved. The Court therefore cannot say that enforcing the forum selection clause with respect to the attorney fee claim would not be fair and reasonable, as required by the Supreme Court. *See e.g.*, *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 791-92 (8th Cir. 2006) (rejecting argument that forum selection clause should yield to policy supporting venue statute; citing cases and noting that "invalidating a forum selection clause because it conflicts with a statutory venue provision ignores the strong countervailing public policy in favor of holding parties to their agreements").

Therefore, in the absence of any authority under Kansas law or the federal common law[4] requiring litigation of plaintiff's reimbursement claim in Kansas in

---

[4] Plaintiff has not addressed whether Kansas or federal common law should govern this question of venue in the face of the forum selection clause. Because the Kansas court in *Nelson* applied the United States Supreme Court's standard and because plaintiff has not provided persuasive authority under either Kansas or federal law to support its position, the Court need not decide the choice-of-law issue. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997) (declining to resolve this choice-of-law issue in the absence of material discrepancies between Colorado and federal common law concerning the validity and interpretation of a forum selection clause).

11

derogation of the parties' forum selection clause, the Court concludes that summary judgment is not appropriate in favor of plaintiff on that claim, and plaintiff's motion is denied as it relates to a claim against Ms. Boeding for fees and expenses incurred since plaintiff's motion to amend.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for summary judgment against New Image Investments, LLC on its claim for a constructive trust (Doc. # 115) is **granted**, and judgment is entered in favor of plaintiff on that claim; a constructive trust is imposed on the subject real property in the total amount of $148,112.77.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion for summary judgment on its claim against defendants John Atamian and Sherry Boeding for attorney fees and costs (Doc. # 131) is **granted in part and denied in part**. The motion is granted as against Mr. Atamian with respect to plaintiff's entitlement to fees. The Court will address the amount of that award at the conclusion of this litigation. With respect to Ms. Boeding, the motion is denied with respect to fees and expenses incurred after plaintiff's motion to amend. The Court will determine plaintiff's award against Ms. Boeding for fees expenses incurred previously at the conclusion of the litigation.

IT IS SO ORDERED.

Dated this 23rd day of May, 2011, in Kansas City, Kansas.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge