IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CONTRACTORS )
INDEMNITY COMPANY, )
 )
         Plaintiff, )
 )
v. ) Case No. 08-2586-JWL
 )
JOHN ATAMIAN; SHERRY BOEDING; )
and NEW IMAGE INVESTMENTS, LLC, )
 )
         Defendants. )
 )
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's supplemental motions for attorney fees (Doc. ## 149, 174) and plaintiff's bill of costs (Doc. # 151). For the reasons set forth below, the motions for attorney fees are **granted in part**, and plaintiff is awarded fees and expenses in the amount of $144,786.65; defendants John Atamian and Sherry Boeding are jointly and severally liable for $91,415.62 of that amount, and Mr. Atamian is solely liable for the remaining $53,371.03. Plaintiff's bill of costs is **granted** against all three defendants in the amount of $3,249.90.

**I.**    **Background**

In this case, plaintiff surety company obtained a judgment against defendant New Image Investments, LLC ("New Image") for a constructive trust on certain Kansas real

estate allegedly purchased and renovated with funds improperly transferred from a California probate estate by defendants Atamian and Boeding. Mr. Atamian never appeared in this action, and his default was entered in July 2009. In September 2010, the Court entered default judgment against Ms. Boeding with respect to plaintiff's claims as stated in the original pretrial order in this case.

In May 2011, the Court ruled on plaintiff's motion for summary judgment on its claim for contractual attorney fees against Mr. Atamian and Ms. Boeding. The Court noted that plaintiff had already been awarded judgment against both individual defendants, by virtue of the default judgments, on its original fee claim as stated in the original pretrial order, prior to plaintiff's motion to amend the pretrial order in September 2010. Because Mr. Atamian remained in default, the Court granted summary judgment to plaintiff on its claim against him for attorney fees incurred in litigating plaintiff's claims as amended. The Court denied summary judgment against Ms. Boeding with respect to plaintiff's claim for fees incurred on the amended claims, however, in light of a forum selection clause contained in the relevant contract. Accordingly, as against Mr. Atamian, plaintiff was awarded contractual attorney fees and expenses incurred in this entire litigation, but as against Ms. Boeding, plaintiff was only awarded fees and expenses incurred with respect to plaintiff's original claims, prior to plaintiff's motion to amend. The Court deferred the issue of the amount of those awards until the conclusion of the litigation.

On June 6, 2011, plaintiff filed its bill of costs and a supplemental motion for

attorney fees. On June 25, 2011, Ms. Boeding, acting pro se, filed a response to the attorney fee motion. The response did not address the appropriate amount of fees, but referred to a forthcoming supplemental memorandum; no such additional brief was ever filed, however. No defendant responded to plaintiff's bill of costs. By Order dated August 19, 2011, the Court retained the supplemental fee motion under advisement until the conclusion of the litigation, including plaintiff's promised dismissal of other claims, at which time plaintiff could supplement its fee motion. The Court further stated:

> The Court further notes in reviewing plaintiff's submission that it is not clear that plaintiff has sought to recover fees incurred only in litigating its claim in this Court relating to the real estate, as opposed to fees incurred to further its attempts to recover money from defendants pursuant to its California judgments. Nor has plaintiff set out the different amounts requested with respect to Mr. Atamian and Ms. Boeding respectively, in light of the Court's rejection of plaintiff's claim against Ms. Boeding for fees incurred since it decided to amend its claims. *See* Memorandum and Order of May 23, 2011, at 7-12 (Doc. # 145). Plaintiff should address these issues in any supplemental submission concerning fees.

On November 6, 2012, after the Tenth Circuit's dismissal of Ms. Boeding's appeal of the judgment against New Image and after the dismissal of plaintiff's remaining claims, plaintiff filed another supplemental motion for attorney fees against Mr. Atamian and Ms. Boeding. On December 11, 2012, after receiving two extensions of time, Ms. Boeding filed a one-page response to the fee motion that merely refers the Court to a supporting memorandum; again, however, no such supporting brief was filed.[1]

---

[1]Although Ms. Boeding missed the extended deadline by three minutes, plaintiff has not sought to strike this response as untimely; accordingly, the Court will accept the
(continued...)

3

Accordingly, Ms. Boeding has not opposed the supplemental fee motions or the bill of costs in any meaningful way.

**II.     Analysis**

Plaintiff's concedes in its motion that its fee award should be limited to fees that are reasonable in accordance with Kansas Rule of Professional Conduct 1.5(a). *See, e.g.*, *Kansas Penn Gaming, LLC v. HV Props. of Kan., LLC*, 790 F. Supp. 2d 1307, 1313-15 (D. Kan. 2011) (applying Rule 1.5(a) to contractual fee claim).  Rule 1.5(a) states that the factors to be considered in determining the reasonableness of a fee include the following:

(1)     the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)     the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)     the fee customarily charged in the locality for similar legal services;

(4)     the amount involved and the results obtained;

(5)     the time limitations imposed by the client or by the circumstances;

(6)     the nature and length of the professional relationship with the

---

[1](...continued)
response, although, as stated above, the response contains no discussion of the proper amount of fees.

> client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Kan. R. Prof. Conduct 1.5(a).

Plaintiff seeks an award against Mr. Atamian of $163,036.55, representing all of its fees and expenses incurred in litigating this case. Plaintiff seeks an award against Ms. Boeding of $109,665.52, representing its fees and expenses incurred as of September 15, 2010, the date plaintiff filed its motion to amend the pretrial order.

Plaintiff has also filed a bill of costs in the amount of $3,249.90. There does not appear to be any reason not to award plaintiff that full amount; therefore, the Court awards costs against all three defendants in the amount of $3,249.90. Plaintiff, however, does not appear to have deducted those expenses from its fee request. Accordingly, the Court reduces plaintiff's fee requests to $159,786.65 and $106,415.62 respectively.

With respect to Ms. Boeding, plaintiff has cut off its request at the date of its filing of the motion to amend, in light of the Court's ruling that it could recover from her only those fees incurred in litigating its original claims. The Court concludes, however, that plaintiff should also be precluded from recovering its fees and expenses incurred relating to the preparation of the motion to amend. Accordingly, the Court reduces the

5

request for fees against Ms. Boeding to $101,525.12.[2]

Finally, the Court notes its previous order requiring plaintiff, in any further fee submission, to address the Court's concern that fees may have been included that could more properly be deemed to have been incurred not in litigating the claims in this suit relating to the Kansas real estate, but rather in furthering plaintiff's attempts to recover money from Mr. Atamian and Ms. Boeding pursuant to its California judgments. Plaintiff has ignored this order. Accordingly, the Court reduces each request by an additional $15,000.00, representing fees that might not reasonably have been incurred (particularly with respect to document discovery) if plaintiff's sole focus were the litigation of the claims relating to the real estate.

Thus, the Court is left with requests for awards of $144,786.65 against Mr. Atamian and $91,415.62 against Ms. Boeding. The Court concludes that these amounts are reasonable under Rule 1.5(a). With respect to the specific factors from that rule that apply here, the Court finds that plaintiff's attorneys were experienced and proved their competence in this case; that the rates charged by those attorneys were reasonable for the type of work in this locality; and that plaintiff obtained good results in this litigation. The Court further finds that these amounts are reasonable with respect to the time

---

[2]The time records submitted by plaintiff in support of its request show fees in the amount of $4,890.50 incurred between September 10 and September 15, 2010, with descriptions that include consideration of new causes of action or work on the motion to amend. Where the description included other work but the tasks were not broken down by time, the Court had no choice but to exclude the entire amount for that entry.

reasonably required to litigate this case, particularly in light of the additional work necessitated by defendants' consistent reluctance or refusal to provide requested discovery, as demonstrated by the record of this case.

The Court therefore awards plaintiff fees and expenses against Mr. Atamian in the total amount of $144,786.65. Mr. Atamian and Ms. Boeding are jointly and severally liable for $91,415.62 of that amount; Mr. Atamian is solely liable for the remaining $53,371.03.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's bill of costs (Doc. # 151) is **granted**, and costs are awarded in favor of plaintiff in the amount of $3,249.90.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's supplemental motions for attorney fees (Doc. ## 149, 174) are **granted in part**, and plaintiff is awarded fees and expenses in the amount of $144,786.65; defendants John Atamian and Sherry Boeding are jointly and severally liable for $91,415.62 of that amount, and Mr. Atamian is solely liable for the remaining $53,371.03.

IT IS SO ORDERED.

Dated this 4th day of March, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
