IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**American Contractors Indemnity Company,**

      **Plaintiff,**

v.                                                Case No. 08-2586-JWL

**John Atamian; Sherry Boeding; and
New Image Investments, LLC,**

      **Defendants.**

## **MEMORANDUM & ORDER**

On May 23, 2011, this court issued a memorandum and order granting plaintiff's uncontested motion for summary judgment against defendant New Image Investments, LLC on its claim for a constructive trust on the subject real property in the total amount of $148,112.77. Judgment was entered on August 22, 2011 (doc. 155). On March 5, 2013, the court entered judgment in favor of plaintiff against all three defendants on the constructive trust claim and imposed a constructive trust on the subject real estate in the total amount of $148,112.77 and further entered judgment in favor of plaintiff against John Atamian and Sherry Boeding on its claim for fees and expenses in the amount of $144,786.65 (doc. 182). This matter is now before the court on plaintiff's motion for renewal of judgment pursuant to Federal Rule of Civil Procedure 69 and K.S.A. § 60-2403.

Federal Rule of Civil Procedure 69(a)(1) provides in relevant part:

> The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ P. 69(a)(1).  Because there is no federal statute specifically governing renewal of judgments and because this court adjudicated the present case, Kansas law governs renewal of plaintiff's judgment.  Under Kansas law, a judgment becomes dormant after five years from the date of entry unless action is taken to renew it.  See K.S.A. § 60-2403.  Pursuant to K.S.A. § 60-2403, a creditor can renew a judgment by filing a renewal affidavit "in the proceedings in which the judgment was entered."  *See id*. § 60-2403(b).  The renewal affidavit must be signed under oath by the judgment creditor or the judgment creditor's attorney and must state the remaining balance due and unpaid on the judgment.  *See id*.

Plaintiff's counsel has submitted a renewal affidavit in support of the motion and there is no dispute that the affidavit comes within the five year period set forth in the statute.  According to the statutory scheme, then, plaintiff need only file the affidavit in the record and does not need to seek leave from the court to do so.  Nothing in the statute requires plaintiff to file a motion to renew the judgment and nothing in the statute contemplates the court taking any formal action to "renew" the judgment once the timely affidavit is filed.  The motion, then, is moot in the sense that it is unnecessary to renew the judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to renew judgment (doc. 196) is moot and plaintiff is directed to separately file the renewal affidavit in the record.

**IT IS SO ORDERED.**


Dated this 13th day of July, 2016, at Kansas City, Kansas.


                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge